UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY NEWELL, | ) | Case No.: 1:88 CV 1245 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| GARY MOHR, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court is Petitioner Timothy Newell's ("Petitioner") Motion for Relief from Judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure (ECF No. 33) and Petitioner's Motion for an Evidentiary Hearing (ECF No. 34) to resolve a factual evidentiary controvert. For the reasons which follow, both Motions are denied.

### I. FACTS AND PROCEDURAL HISTORY

In 1978, Petitioner was convicted in Cuyahoga County Court of Common Pleas on multiple counts of rape, aggravated robbery, assault, felonious sexual penetration and gross sexual imposition. (Memo. in Supp. of Motion for Relief from Judgment, ECF No. 33, at p. 1.) After a consolidated sentencing hearing, the trial judge amended the sentencing order, which was entered on January 4, 1979, and on January 9, 1979, Petitioner filed a notice of appeal with the trial court. (*Id.*, at p. 1.) Petitioner contends that the state court entered incorrect dates for two documents on the Docket. He further contends that this error caused the appellate court to conclude that he had

procedurally defaulted. The appellate court dismissed his post-conviction motion under the doctrine of res judicata. *State v. Newell*, Nos. 51767, 51768, 1987 Ohio App. LEXIS 7032 at *3-4.

In 1988, Petitioner filed for habeas relief under 28 U.S.C. § 2254, alleging his constitutional rights were violated in the state court proceedings. (ECF No. 3, at p. 2.) The Magistrate's Report and Recommendation that the petition be dismissed was adopted by Judge Lambros of this court, who then ordered the petition dismissed with prejudice. (ECF No. 25, at p. 2.) Petitioner appealed, and the District Court decision was affirmed by the Sixth Circuit Court of Appeals on June 17, 1990. (ECF No. 30, at p. 3.) Petitioner now seeks relief from the judgment of the District Court on June 30, 1989 pursuant to Fed. R. Civ. P. 60(b)(6). (Memo. in Supp. of Motion for Relief from Judgment, ECF No. 33, at p. 2.)

## II. RULE 60(B) MOTION

Rule 60(b) states, in pertinent part,

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

There is a strong public policy circumscribing relief under Rule 60(b) favoring the finality of judgments. *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001); *Satyam Computer Servs., Ltd. v. Venture Global Engineering, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009). As a result, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008); *Satyam Computer Servs.*, 323 F. App'x at 427.

Rule 60(b)(6) works as a catch-all provision that extends beyond the first five Rule 60(b) criteria and only applies "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Info-Hold*, 538 F.3d at 458-459 (citing *Blue Diamond Coal Co.*, 249 F.3d at 524) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990)).

### A. Reasonable Time

Motions made under Rule 60(b)(6) must also be done "within a reasonable time." Fed. R. Civ. P. 60(c)(1). While the rule does not define "reasonable," courts have found it to be relatively short. See *Lal v. Prudential Securities*, No. 97-4106, 1998 U.S. App. LEXIS 31158, at *8-9 (6th Cir. 1998) (holding six years after judgment not reasonable time), *Hence v. Smith*, No. 97-40461, 2007 U.S. Dist. LEXIS 62845, at *3 (E.D. Mich. Aug. 27, 2007) (holding eight years after judgment not a reasonable time), *United States v. Murillo*, No. 94-81261, 2009 U.S. Dist. LEXIS 65363, at *7 (E.D. Mich. July 29, 2009) (holding seven years after judgment not a reasonable time), *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (holding three and one-half years after judgment not a reasonable time). In the instant case, twenty years have passed between the District Court's adoption of the Magistrate's Report and Recommendation on June 30, 1989, and Petitioner's Motion for Relief from Judgment of November 25, 2009.

Petitioner has provided no explanation for the lengthy delay. In light of the lack of evidence presented as to why the motion was not filed earlier, as well as a strong policy favoring the finality of judgments when assessing Rule 60(b) motions, the timing of the motion is unreasonable under the circumstances under Rule 60(c)(1). Petitioner's Motion must be denied.

**B. Fraud on the Court**

In addition to being untimely, Petitioner has not established by clear and convincing evidence that fraud on the court occurred. Petitioner alleges that the criminal docket for his case before the Ohio Eighth District Court of Appeals contains a clerical error. He states that the court utilized the date of January 4, 1979, as the date of the judgment modifying his sentence, and the court used the date of January 9, 1979, as the date on which Petitioner filed his notice of appeal. Petitioner argues that the correct date for the judgment modifying his sentence is January 10, 1979, and the correct date for his notice of appeal was that it was received for filing on January 5, 1979 and filed on January 8, 1979. (ECF No. 33, at p. 3-4). Therefore, Petitioner argues that fraud on the court occurred when the Federal District Court relied on the state docket, which allegedly contained these erroneous filing dates.

Petitioner's argument is not well-taken. To prove fraud on the court, the movant must show conduct: (1) on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) is a positive averment or concealment when one is under a duty to disclose; and (5) deceives the court. See *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993). Even if the court assumes that the dates utilized by the Ohio Eighth District Court of Appeals were erroneous, Petitioner has made no showing that this type of error meets any of the prongs of fraud on the court. Moreover, Petitioner has made no showing that the Federal District Court's denial of his Petition of Habeas Corpus was at all based on the allegedly erroneous filing dates. The District Court denied the Petition because it raised various issues that Petitioner had already waived. The issues addressed in the Petition had not been raised on direct appeal in the state courts, and they were subsequently not reviewed on the

merits in a post-conviction proceeding. *Newell v. Mohr*, No. 89-3698, 1990 U.S. App. LEXIS 9726 (6th Cir. 1990).

The court further finds that the Ohio Eighth District Court of Appeals, in denying Petitioner's appeal of an adverse ruling on an earlier post-conviction relief petition, did not base its opinion on the trial court's filing dates. Instead, the court found that since Petitioner did not submit sufficient evidence of the operative facts supporting his allegations, he could not succeed with his appeal. *Newell*, 1987 Ohio App. LEXIS 7032 at *2. The assignments of error at that stage could not be properly considered. *Id.* at *3.

Therefore, the reason for the Federal District Court's denial of his Petition is unrelated to the issue of when Petitioner's documents were filed at the trial and post-trial stages and he has not demonstrated any of the *Demjanjuk* elements for fraud on the court.

### III. CONCLUSION

Because Petitioner's Motion was not made within a reasonable time under Fed. R. Civ. P. 60(c)(1), the court denies Petitioner's Motion. (ECF No. 33). Accordingly, the court denies as moot Petitioner's Motion For An Evidentiary Hearing. (ECF No. 34).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 5, 2010